IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
Eastern Division

In Re:                                             In Proceedings Under Chapter 7

PEGGY A. STEWART,                                  Case No.: 06-11615

Debtor.                                            CHIEF JUDGE RANDOLPH BAXTER


MEMORANDUM OF OPINION AND ORDER

Before the Court is the Joint Motion of Debtor and Ford Motor Credit Company to

Vacate Discharge for the Limited Purpose of Filing Reaffirmation Agreement. This Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 84 of this

District. After considering the parties' joint motion and supplemental brief in support of the

motion and conducting a hearing, the Court rules as follows:

*

Debtor and Ford Motor Credit ask this Court to vacate the Debtor's discharge for the

limited purpose of approving a reaffirmation agreement between Debtor and Ford Motor Credit.

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on May 2, 2006. Debtor received

a discharge on August 1, 2006. Debtor and Creditor filed the current motion on September 4,

2006. The issue for the Court is whether the reaffirmation agreement can be approved by this

Court after the Debtor's discharge.

**

In Chapter 7 bankruptcy cases, to be enforceable and effective, a reaffirmation agreement

must be made before the granting of a discharge under § 727, as provided in 11 U.S.C. § 524(c).

Section 524(c) states that:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if–
>
> > (1) such agreement was made **before** the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

11 U.S.C. § 524(c)(emphasis added).

Once a bankruptcy court has entered an order of discharge, the § 524(c)(1) deadline for making such an agreement is past, and the court thereafter lacks jurisdiction to approve the agreement. In re Reed, 177 B.R. 258, 259-60 (Bankr. N.D. Ohio 1995), citing In re Gruber, 22 B.R. 768, 770-71 (Bankr. N.D. Ohio 1982). "[R]eaffirmation agreements must be entered into prior to discharge to have legal significance. Those entered into after entry of a discharge are unenforceable, and are of no legal significance." In re Eccleston, 70 B.R. 210, 212 (Bankr. N.D. N.Y. 1986) (emphasis in original). See also, In re Whitmer, 142 B.R. 811, 814 (Bankr. S.D. Ohio 1992) (finding that court lacked jurisdiction to enter order approving post-discharge reaffirmation agreement); In re Brinkman, 123 B.R. 611, 612 (Bankr. N.D. Ind. 1991) (finding that debtors could not enter into post-discharge reaffirmation agreements); and In re Collins, 243 B.R. 217, 219-20 (Bankr. D. Conn. 2000) (holding that reaffirmation agreement that was not made before the granting of a discharge is not enforceable).

Apparently recognizing this jurisdictional defect, the parties ask the Court to "vacate" Debtor's discharge for the limited purpose of approving the reaffirmation agreement. The parties

rely solely on 11 U.S.C. § 105(a) for the proposition that the Court has authority to vacate a

discharge to grant relief it otherwise lacks jurisdiction to grant. Section 105(a) states:

> (a) The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or to prevent an abuse of process.

11 U.S.C. § 105(a).

In her supplemental brief, the Debtor attempts to analogize the Court's ability to utilize §

105(a) to enforce the discharge injunction to the relief she requests here and states that "[a]

bankruptcy court may invoke section 105(a) to enforce the discharge injunction imposed by §524

to protect a Debtor . . . . Logic would hold, therefore, that a bankruptcy court could do the

opposite and vacate the discharge injunction to protect the Debtor, especially when not doing so

would cause the Debtor's vehicle to be repossessed." (See ¶ 4, Supplemental Brief.)

Debtor's "logic" argument misconstrues the Court's authority under § 105(a). A

bankruptcy court's equitable powers "must and can only be exercised within the confines of

the Bankruptcy Code." Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988).

Bankruptcy courts cannot "use equitable principles to disregard unambiguous statutory

language." In re C-L Cartage Co., Inc., 899 F.2d 1490, 1494 (6th Cir. 1990). Section 105(a)

"may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is

necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." In re

Jamo, 283 F.3d 392, 403 (1st Cir. 2002). Moreover, because "reaffirmation agreements are not

favored," strict compliance with § 524(c) is mandated. See in re Bennett, 298 F.3d 1059, 1067

3

(9th Cir. 2002).

As stated above, § 524(c) mandates that only reaffirmation agreements made prior to discharge are enforceable. The result does not differ merely because Debtor and Creditor seek to vacate the discharge for the limited purpose of filing the reaffirmation agreement. In re Burgett, 95 B.R. 524 (Bankr. S.D. Ohio 1988) (denying creditor's motion to reopen case and to rescind and reissue debtor's discharge for purposes of validating reaffirmation agreement). Herein, the Court is without jurisdiction to approve a reaffirmation agreement once discharge has entered.

\*\*\*

The Court finds that the Joint Motion of Debtor and Ford Motor Credit Company to Vacate Discharge for the Limited Purpose of Filing Reaffirmation Agreement is not well-premised. Accordingly, the Joint Motion is denied.

**IT IS SO ORDERED.**

JUDGE RANDOLPH BAXTER
**CHIEF JUDGE**
**Dated, this _26th_ day of**     **UNITED STATES BANKRUPTCY COURT**
**October 2006**

4